



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THE CHETRIT GROUP and
JOSEPH CHETRIT,

                Plaintiffs,

           -against-

LABORERS LOCAL UNION 79,
KENNETH BRANCACCIO in his capacity as
President of Laborers Local Union 79, and
JOHN DOES 1-10,

                Defendants.
-------------------------------------------------------------X

07 CIV 8653

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**



       Plaintiffs The Chetrit Group and Joseph Chetrit, by their attorneys Clifton, Budd & DeMaria, LLP, for their Complaint against Defendants allege as follows:

### Jurisdiction And Venue

       1.    This Court has jurisdiction based on a federal question pursuant to 28 U.S.C. §1331 as Plaintiffs bring claims under 29 U.S.C. §187.

       2.    This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

       3.    Venue is proper in this jurisdiction pursuant to §28 U.S.C. §1391 and 29 U.S.C. §187, because a substantial part of the events giving rise to the claim occurred in this District.

### Parties

       4.    Plaintiff The Chetrit Group ("TCG") is a New York corporation in the construction industry with offices located at 404 Fifth Avenue, New York, New York.

5. Plaintiff Joseph Chetrit ("Chetrit") is the President of TCG and resides at 284 East Palisade Avenue, Englewood, New Jersey.

6. Upon information and belief, Defendant Laborers Local Union 79 ("Local 79") is an unincorporated association conducting business as a labor organization that represents workers in the construction industry in the New York City region. Upon information and belief, Local 79's principal place of business is 520 Eighth Avenue, Suite 679, New York, New York.

7. Upon information and belief, Kenneth Brancaccio ("Brancaccio") is the President of Local 79. Brancaccio is sued in his capacity as Local 79's President pursuant to New York General Association Law §13. Upon information and belief, Brancaccio controlled all actions of Local 79 and is jointly and severally liable for all acts committed on Local 79's behalf. The use of "Local 79" below shall also refer to "Brancaccio".

8. Upon information and belief, Defendants John Does 1-10 are Local 79 members who committed the below torts against Plaintiffs.

## Facts Common To All Counts

9. In or about September 2007, various members of Local 79 began a campaign of harassment against Plaintiffs related to the assignment of certain work by Plaintiffs to a non-union contractor.

10. This campaign of harassment consisted of, but is not limited to, the following acts, all taking place in or about September 2007:

    a. Blocking the entrance to TCG and Chetrit's home;
    b. Shouting obscenities in front of TCG;
    c. Trespassing and shouting obscenities into the lobby of TCG;

    d.    Throwing trash into TCG property;

    e.    Making verbal threats and gestures against Chetrit including threats to "beat the shit out of [Chetrit]," which caused Chetrit apprehension of imminent harmful and offensive contact;

    f.    Attempting to provoke physical confrontations with Chetrit;

    g.    Threatening to go to and enter Chetrit's home;

    h.    Cursing at Chetrit;

    i.    Following and photographing Chetrit;

    j.    Erecting large inflatable rats in front of TCG's business and Chetrit's home and blocking the egress of commercial vehicles in violation of New York City parking regulations; and

    k.    Inducing the public to cease doing business with TCG.

11.    All of the above acts were done with the full knowledge, authorization and ratification of the individual members of Local 79.

12.    Upon information and belief, Local 79 and its members frequently use similar campaigns of threats and harassment to exert pressure on neutral employers to cease doing business with non-union contractors.

### FIRST CAUSE OF ACTION
*29 U.S.C. §187*

13.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "12" as if set forth at length herein.

14.    Defendants committed the above acts with the intent to force TCG to cease doing business with a certain non-union contractor.

15.    Defendants committed the above acts with the intent and the actual result to force other businesses to cease doing business with TCG.

16.    Defendants' actions had the actual effect of disrupting business relations between TCG and a certain non-union contractor.

17. Defendants' conduct constitutes an unfair labor practice in violation of 29 U.S.C. §158(b)(4).

18. Plaintiffs suffered injury to their business and property by reason of Defendants' secondary boycott activities.

19. Pursuant to 29 U.S.C. §187(b), Plaintiffs are entitled to recover the damages sustained as a result of Defendants' wrongful conduct.

## SECOND CAUSE OF ACTION
*Private Nuisance*

20. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "19" as if set forth at length herein.

21. Defendants' conduct interfered with Plaintffs' right to use and enjoy their property.

22. Defendants' interference was substantial and intentional.

23. Defendants' conduct was unreasonable under all of the circumstances.

24. Plaintiffs suffered damages as a result of Defendants' conduct.

## THIRD CAUSE OF ACTION
*Civil Trespass*

25. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "24" as if set forth at length herein.

26. Defendants, without justification or permission, intentionally entered Plaintiffs' property.

27. Defendants' conduct caused Plaintiffs to suffer damages in the use of their property.

## FOURTH CAUSE OF ACTION
*Intentional Infliction of Emotional Distress*

28. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "27" as if set forth at length herein.

29. Defendants' actions were made with the intent of causing severe emotional distress to Plaintiff Chetrit.

30. Defendants' actions were so extreme and outrageous they exceeded all reasonable bounds of decency.

31. Plaintiff Chetrit suffered damages as a result of Defendants' conduct.

## FIFTH CAUSE OF ACTION
*Assault*

32. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "31" as if set forth at length herein.

33. Defendants' conduct was made with the intent of placing Plaintiff Chetrit in apprehension of imminent harmful and/or offensive contact.

34. At the time of its actions, Defendants had the real and/or apparent ability to bring about the harmful and/or offensive bodily contact.

35. Plaintiff Chetrit suffered damages as a result of Defendants' intentional conduct.

## SIXTH CAUSE OF ACTION
*Interference With Prospective Business Relations*

36. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "35" as if set forth at length herein.

37. Defendants intentionally, knowingly and by use of wrongful means prevented Plaintiffs from entering into various contractual relationships.

38. Plaintiffs would have entered into various contractual relationships if not for Defendants' wrongful conduct.

39. Defendants' actions were motivated solely by malice and to inflict injury.

40. Plaintiffs have suffered damages as a result of Defendants' wrongful conduct.

## SEVENTH CAUSE OF ACTION
### *Prima Facie Tort*

41. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "12" as if set forth at length herein.

42. In the alternative, Defendants' actions were done solely with the intent of causing harm to Plaintiffs.

43. In the alternative, Defendants' actions interfered with Plaintiffs' business operations and caused pecuniary damages to Plaintiff.

44. In the alternative, Defendants' actions were taken without excuse or justification.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs demand the following judgment against Defendants:

a. An order temporarily and permanently enjoining and restraining Defendants from their unlawful activity;

b. Compensatory and punitive damages in the amount of $10,000,000 (Ten Million Dollars); and

c. Attorney's fees, costs of suit, disbursements and whatever further damages the Court deems just and proper.

6

Dated: October 5, 2007
      New York, New York

                                              CLIFTON BUDD & DeMARIA, LLP

                By:
                                              Kevin J. McGill (KM 4954)
                                              Attorneys for Plaintiffs
                                              420 Lexington Avenue
                                              New York, NY 10170
                                              (212) 687-7410