UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE CHETRIT GROUP and
JOSEPH CHETRIT,

       Plaintiffs,

   -against-

LABORERS LOCAL UNION 79,
KENNETH BRANCACCIO in his capacity as
President of Laborers Local Union 79,
JAMES HEGARTY, GUY SPERLING,
STANISLAV HUBKA, JOHN DELGADO,
KLAUS RYNIEWICZ, JERRY CRAFT,
JUAN CARLOS, LEWIS MONTALVA,
and JOHN DOES 1-10,

       Defendants.
------------------------------------------------------------X

ECF CASE

Case No.: 07CIV8653 (GBD)

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

  Plaintiffs The Chetrit Group and Joseph Chetrit, by their attorneys Clifton, Budd & DeMaria, LLP, for their Amended Complaint against Defendants allege as follows:

### Jurisdiction And Venue

  1. This Court has jurisdiction based on a federal question pursuant to 28 U.S.C. §1331 as Plaintiffs bring claims under 29 U.S.C. §187.

  2. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

  3. Venue is proper in this jurisdiction pursuant to §28 U.S.C. §1391 and 29 U.S.C. §187, because a substantial part of the events giving rise to the claim occurred in this District.

### Parties

  4. Plaintiff The Chetrit Group ("TCG") is a New York corporation with offices located at 404 Fifth Avenue, New York, New York.

5. Plaintiff Joseph Chetrit ("Chetrit") is the President of TCG and resides at 284 East Palisade Avenue, Englewood, New Jersey.

6. Upon information and belief, Defendant Laborers Local Union 79 ("Local 79") is an unincorporated association conducting business as a labor organization that represents workers in the construction industry in the New York City region. Upon information and belief, Local 79's principal place of business is 520 Eighth Avenue, Suite 679, New York, New York.

7. Upon information and belief, Defendant Kenneth Brancaccio ("Brancaccio") is the President of Local 79. Brancaccio is sued in his capacity as Local 79's President pursuant to New York General Association Law §13. Upon information and belief, Brancaccio controlled all actions of Local 79 and is jointly and severally liable for all acts committed on Local 79's behalf. The use of "Local 79" below shall also refer to "Brancaccio".

8. Upon information and belief, Defendant James Hegarty ("Hegarty") is a member of Local 79 who participated in some or all of the conduct described below.

9. Upon information and belief, Defendant Guy Sperling ("Sperling") is a member of Local 79 who participated in some or all of the conduct described below.

10. Upon information and belief, Defendant Stanislav Hubka ("Hubka") is a member of Local 79 who participated in some or all of the conduct described below.

11. Upon information and belief, Defendant John Delgado ("Delgado") is a member of Local 79 who participated in some or all of the conduct described below.

12. Upon information and belief, Defendant Klaus Ryniewicz ("Ryniewicz") is a member of Local 79 who participated in some or all of the conduct described below.

13. Upon information and belief, Defendant Jerry Craft ("Craft") is a member of Local 79 who participated in some or all of the conduct described below.

14. Upon information and belief, Defendant Juan Carlos ("Carlos") is a member of Local 79 who participated in some or all of the conduct described below.

15. Upon information and belief, Defendant Lewis Montalva ("Montalva") is a member of Local 79 who participated in some or all of the conduct described below.

16. Upon information and belief, Defendants John Does 1-10 are Local 79 members who participated in some or all of the conduct described below.

## Facts Common To All Counts

17. In or about July 2007, various members of Local 79, including Defendants Hegarty, Sperling, Hubka, Delgado, Ryniewicz, Craft, Carlos and Montalva, began a campaign of harassment against Plaintiffs related to the assignment of certain work, by a company unrelated to TCG, to a certain non-union contractor.

18. Upon information and belief, the purpose of this campaign of harassment was to influence the assignment of certain work to members of Local 79 rather than to other employees not represented by Local 79.

19. This campaign of harassment consisted of, but is not limited to, the following acts, all beginning in or about July 2007 and continuing to date:

   a. Blocking the entrance to TCG and Chetrit's home;
   b. Shouting obscenities in front of TCG;
   c. Trespassing and shouting obscenities into the lobby of TCG;
   d. Throwing trash into TCG property;
   e. Making verbal threats and gestures against Chetrit including threats to "beat the shit out of [Chetrit]," which caused Chetrit apprehension of imminent harmful and offensive contact;
   f. Attempting to provoke physical confrontations with Chetrit;
   g. Threatening to go to and enter Chetrit's home;
   h. Cursing at Chetrit;
   i. Following and photographing Chetrit;

j.    Erecting large inflatable rats in front of TCG's business and Chetrit's home and blocking the egress of commercial vehicles in violation of New York City parking regulations; and

k.    Inducing the public to cease doing business with TCG.

20.    All of the above acts were done with the full knowledge, authorization and ratification of the individual members of Local 79 and the officers and agents of Local 79.

21.    Upon information and belief, Local 79 and its members frequently use similar campaigns of threats and harassment to exert pressure on neutral employers to cease doing business with non-union contractors or to cause the termination of non-union contractors and their replacement with Local 79 contractors.

**FIRST CAUSE OF ACTION**
*29 U.S.C. §187*

22.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "21" as if set forth at length herein.

23.    Defendants committed the above acts in furtherance of their labor dispute with a certain non-union contractor and with the intent to force TCG, not involved in this labor dispute, to cause the termination of the non-union contractor.

24.    Defendants committed the above acts with the intent of forcing other businesses to cease doing business with TCG and other employers who are non-union employers.

25.    Defendants' actions had the actual effect of disrupting business relations between TCG and certain non-union employers.

26.    Defendants' conduct constitutes an unfair labor practice in violation of 29 U.S.C. §158(b)(4)(B).

27.    Plaintiffs suffered injury to their business and property by reason of Defendants' improper secondary activities.

4

28. Pursuant to 29 U.S.C. §187(b), Plaintiffs are entitled to recover the damages sustained as a result of Defendants' wrongful conduct.

## SECOND CAUSE OF ACTION
*29 U.S.C. §187*

29. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "28" as if set forth at length herein.

30. Defendants committed the above acts in furtherance of their improper objective of forcing the assignment of certain work to members of Local 79 rather than to another group of employees.

31. Defendant's conduct constitutes an unfair labor practice in violation of 29 U.S.C. §158(b)(4)(D).

32. Plaintiffs suffered injury to their business and property by reason of Defendants' unlawful activities.

33. Pursuant to 29 U.S.C. §187(b), Plaintiffs are entitled to recover the damages sustained as a result of Defendants' wrongful conduct.

## THIRD CAUSE OF ACTION
*Private Nuisance*

34. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "33" as if set forth at length herein.

35. Defendants' conduct interfered with Plaintffs' right to use and enjoy their property.

36. Defendants' interference was substantial and intentional.

37. Defendants' conduct was unreasonable under all of the circumstances.

38. Plaintiffs suffered damages as a result of Defendants' conduct.

## FOURTH CAUSE OF ACTION
### *Civil Trespass*

39. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "38" as if set forth at length herein.

40. Defendants, without justification or permission, intentionally entered Plaintiffs' property.

41. Defendants' conduct caused Plaintiffs to suffer damages in the use of their property.

## FIFTH CAUSE OF ACTION
### *Intentional Infliction of Emotional Distress*

42. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "41" as if set forth at length herein.

43. Defendants' actions were made with the intent of causing severe emotional distress to Plaintiff Chetrit.

44. Defendants' actions were so extreme and outrageous they exceeded all reasonable bounds of decency.

45. Plaintiff Chetrit suffered damages as a result of Defendants' conduct.

## SIXTH CAUSE OF ACTION
### *Assault*

46. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "45" as if set forth at length herein.

47. Defendants' conduct was made with the intent of placing Plaintiff Chetrit in apprehension of imminent harmful and/or offensive contact.

48. At the time of its actions, Defendants had the real and/or apparent ability to bring about the harmful and/or offensive bodily contact.

49. Plaintiff Chetrit suffered damages as a result of Defendants' intentional conduct.

## SEVENTH CAUSE OF ACTION
### *Interference With Prospective Business Relations*

50. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "49" as if set forth at length herein.

51. Defendants intentionally, knowingly and by use of wrongful means prevented Plaintiffs from entering into various contractual relationships.

52. Plaintiffs would have entered into various contractual relationships if not for Defendants' wrongful conduct.

53. Defendants' actions were motivated solely by malice and to inflict injury.

54. Plaintiffs have suffered damages as a result of Defendants' wrongful conduct.

## EIGTH CAUSE OF ACTION
### *Prima Facie Tort*

55. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "54" as if set forth at length herein.

56. In the alternative, Defendants' actions were done solely with the intent of causing harm to Plaintiffs.

57. In the alternative, Defendants' actions interfered with Plaintiffs' business operations and caused pecuniary damages to Plaintiff.

58. In the alternative, Defendants' actions were taken without excuse or justification.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs demand the following judgment against Defendants:

a.   An order temporarily and permanently enjoining and restraining Defendants from their unlawful activity;

b.   Compensatory and punitive damages in the amount of $10,000,000 (Ten Million Dollars); and

c.   Attorney's fees, costs of suit, disbursements and whatever further damages the Court deems just and proper.

Dated: November 28, 2007
       New York, New York

                        CLIFTON BUDD & DeMARIA, LLP

                  By:   _____
                        Kevin J. McGill (KM 4554)
                        Attorneys for Plaintiffs
                        420 Lexington Avenue
                        New York, NY 10170
                        (212) 687-7410