UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
THE CHETRIT GROUP and JOSEPH CHETRIT,                             :
                                                                  :
                            Plaintiffs,                           :
                                                                  :     Case No. 07 CIV 8653 (GBD)
            - v. -                                                :
                                                                  :
LABORERS LOCAL UNION 79, KENNETH                                  :
BRANCACCIO, in his capacity as President of                       :
Laborers Local Union 79, et al.,                                  :
                                                                  :
                            Defendants.                           :
                                                                  :
------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY
DEFENDANTS LABORERS' LOCAL UNION 79 AND KENNETH BRANCACCIO**


Joseph J. Vitale (JJV 0415)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 356-0238

Tamir W. Rosenblum (TR 0895)
Mason Tenders District Council
  of Greater New York
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9407

Counsel for Defendants
Laborers' Local No. 79 and
Kenneth Brancaccio

115004.DOC.1

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I. Plaintiffs' State Claims Are Barred Because Plaintiffs Do Not
   Allege that All Union Members Ratified the Alleged Actions ........................................... 2

II. The State Law Claims Are Preempted by Federal Law ...................................................... 4

CONCLUSION ............................................................................................................................... 6

**TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Page**

*Atkinson v. Sinclair Refining Co.*, 370 U.S. 238 (1962) ................................................................................3

*Billy Jack for Her, Inc. v. New York Coat, Suit, Dress,*
    *Rainwear & Allied Workers Union*, 511 F.Supp. 1180 (S.D.N.Y. 1981)............................5

*California State Council of Carpenters v. Associated General Contractors*,
    648 F.2d 527 (9th Cir. 1980), *reversed on other grounds,* 459 U.S. 519 (1983) ................5

*Delta-Sonic Carwash Systems, Inc. v. Building Trades Council*,
    168 Misc.2d 672, 640 N.Y.S.2d 368 (S.Ct. Monroe Cty. 1995) ..........................................5

*Duane Reade, Inc. v. Local 338*,
    17 A.D.3d 277, 794 N.Y.S.2d 25 (App. Div. 1st Dep't 2005) ..............................................3

*Giffords Oil Co. v. Boss*,
    54 A.D.2d 555, 387 N.Y.S.2d 51 (App. Div. 2d Dep't 1976) ...............................................2

*Glass Bottle Blowers Ass'n v. Certainteed Corp.*,
    1981 WL 2373, 111 L.R.R.M. (BNA) 2363 (M.D. Ga. 1981) ............................................5

*Heleniak v. Blue Ridge Ins. Co.*,
    162 A.D.2d 1041, 557 N.Y.S.2d 229 (App. Div. 4th Dep't 1990) .......................................2

*Jou Jou Designs, Inc. v. ILGWU Local 23-25*,
    94 A.D.2d 395, 465 N.Y.S.2d 163 (App. Div. 1st Dep't 1983),
    *aff'd,* 60 N.Y.2d 1011, 471 N.Y.S.2d 568 (1983).................................................................5

*Local 76, Int'l Ass'n of Machinists v. Wisconsin Employment*
    *Relations Bd.*, 427 U.S. 132 (1976) ......................................................................................4

*Martin v. Curran*, 303 N.Y. 276, 101 N.E.2d 683 (1951) ...................................................... passim

*Mason Tenders District Council of Greater New York v. WTC Contracting, Inc.*,
    2007 WL 2119897, 182 L.R.R.M. (BNA) 2932 (S.D.N.Y. 2007) .................................3, 5

*Modeste v. Local 1199, Drug, Hosp. and Health Care Employees Union*,
    850 F.Supp. 1156 (S.D.N.Y. 1994), *aff'd*, 38 F.3d 626 (2d Cir. 1994)................................2

*Mounteer v. Bayly*, 86 A.D.2d 942, 448 N.Y.S.2d 582 (App. Div. 3d Dep't 1982)........................2

**Cases**                                                                                                                                 **Page**

*Palm Beach Co. v. Journeyman's & Production Allied Services*,
    519 F.Supp. 705 (S.D.N.Y. 1981)..........................................................................................5

*R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear &*
    *Allied Workers' Union Local 89-22-1*, 789 F.Supp. 127 (S.D.N.Y. 1992),
    *aff'd*, 33 F.3d 145 (2d Cir. 1994)............................................................................................2

*Salemeh v, Toussaint*, 25 A.D.3d 411, 810 N.Y.S.2d 1 (App. Div. 1st Dep't 2006).................3

*San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959) ............................................4

*Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre*,
    504 F.Supp. 54 (M.D. Penn. 1980), *affirmed in relevant part*,
    647 F.2d 372, 380-381 (3d Cir. 1981) ...................................................................................5

*Wolf St. Supermarkets, Inc. v. McPartland*,
    108 A.D.2d 25, 487 N.Y.S.2d 442 (App. Div. 4th Dep't 1985)..........................................4

*Zanghi v. LIUNA*, 8 A.D.3d 1033, 778 N.Y.S.2d 607 (App. Div. 4th Dep't 2004) .......................2

**Statutes**

29 U.S.C. § 157...............................................................................................................................1

29 U.S.C. § 158...............................................................................................................................1

29 U.S.C. §185(b) ..........................................................................................................................3

29 U.S.C. § 187...............................................................................................................................1

**PRELIMINARY STATEMENT**

In an effort to deter perfectly lawful and First Amendment protected protest activity arising out of a labor dispute, plaintiffs have brought the present action against Construction and General Building Laborers' Local 79, Kenneth Brancaccio in his official capacity as President of Local 79, and eight alleged members of Local 79 (collectively "Local 79" or the "Union" or "Defendant")[1]. Plaintiffs wrongly claim in Counts One and Two of the Complaint that the Union's protest constitutes secondary activity prohibited under Section 303 of the Labor Management Relations Act of 1947 (the "LMRA").[2] In Counts Three through Eight, plaintiffs allege that the Union's protest constitutes various torts under state law.

As explained below, all of the state law counts are subject to dismissal for two, independent reasons.

First, plaintiffs have failed to state a claim under state law. Under *Martin v. Curran*[3] and its progeny of more than fifty years, a union and its officers are not liable for state tort or contract claims unless all of its members expressly authorized or ratified the action underlying the claim. Here, plaintiffs fail to allege – because they cannot – that all of Local 79's members authorized or ratified the conduct upon which plaintiffs base their claim.

Second, all of the state law claims are preempted by federal law because all of the Union's protest activity is arguably protected or prohibited by Sections 7 and 8 of the National

---

[1] To Local 79's knowledge, none of the eight individuals have been served with process in this action. The instant motion is made on behalf of Local 79 and Kenneth Brancaccio; it should not be viewed an appearance by any of the eight individuals.

[2] 29 U.S.C. § 187.

[3] *Martin v. Curran*, 303 N.Y. 276, 101 N.E.2d 683 (1951).

Labor Relations Act (the "NLRA").[4] Plaintiffs essentially admitted that federal law, not state law, governs their complaint when plaintiffs (1) filed charges with the National Labor Relations Board on virtually identical grounds, and (2) included as Counts One and Two of their Complaint the allegation that the Union's conduct violates Section 8(b)(4) of the NLRA.

## ARGUMENT

I.   Plaintiffs' State Claims Are Barred Because Plaintiffs Do Not
     Allege that All Union Members Ratified the Alleged Actions

All of plaintiffs' state law claims (Counts Three through Eight) are barred since Local 79 is a voluntary association under New York law and plaintiffs have failed to plead the individual liability of every union member.[5]

More than fifty years ago, the New York State Court of Appeals held in *Martin v. Curran* that damages are unrecoverable against a voluntary association unless plaintiffs "plead and prove . . . the individual liability of every single member."[6] In the intervening half-century, the New York and Federal courts have consistently held that "an action against a voluntary unincorporated association . . . may be maintained only if the cause of action is provable against each and every member of the association."[7]

---

[4] 29 U.S.C. §§ 157, 158.

[5] Plaintiffs' six state law claims are Count Three (Private Nuisance), Count Four (Civil Trespass), Count Five (Intentional Infliction of Emotional Distress), Count Six (Assault), Count Seven (Interference with Prospective Business Relations), and Count Eight (Prima Facie Tort).

[6] *Martin v. Curran*, 303 N.Y. 276, 282, 101 N.E.2d 683, 686 (1951).

[7] *Mounteer v. Bayly*, 86 A.D.2d 942, 943, 448 N.Y.S.2d 582, 583 (App. Div. 3d Dep't 1982) (citing *Martin v. Curran* to reverse denial of motion to dismiss); *accord Giffords Oil Co. v. Boss*, 54 A.D.2d 555, 556, 387 N.Y.S.2d 51, 52 (App. Div. 2d Dep't 1976) (affirming dismissal since members' authorization of strike was not authorization of torts at issue); *Heleniak v. Blue Ridge Ins. Co.*, 162 A.D.2d 1041, 557 N.Y.S.2d 229 (App. Div. 4th Dep't 1990); *R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1*, 789 F.Supp. 127, 133 (S.D.N.Y. 1992), *aff'd*, 33 F.3d 145 (2d Cir. 1994); *Modeste v. Local 1199, Drug, Hosp. and Health Care Employees Union*, 850 F.Supp. 1156, 1168 (S.D.N.Y. 1994) (recognizing

In *Salemeh v. Toussaint*, for instance, the court affirmed the dismissal of intentional tort claims against a union where the plaintiff failed to allege that the entire membership authorized in advance, or subsequently ratified, an alleged assault.[8]

More recently and squarely on-point, in *Mason Tenders District Council of Greater New York v. WTC Contracting, Inc.*, this Court dismissed all state claims – for intentional infliction of emotional distress, assault and battery, tortious interference with contract, and respondeat superior – based on a union's alleged picketing of a company (including claims that the union physically confronted non-union workers), as well as claims that the union's officer made unwanted sexual advances to a company owner's wife, and picketed, in part, to further the officer's sexual objectives.[9] Finding no distinction under *Martin v. Curran* between different kinds of state tort actions, the Court dismissed all state law claims against the union and its officer, including claims that the union had acted violently or threatened violence, because plaintiff failed to allege that the conduct was authorized or subsequently ratified by the entire union membership.[10]

---

that *Martin v. Curran* "imposes an onerous and almost insurmountable burden on individuals seeking to impose liability on labor unions"), *aff'd*, 38 F.3d 626 (2d Cir. 1994); *Zanghi v. LIUNA*, 8 A.D.3d 1033,1034, 778 N.Y.S.2d 607, 608 (App. Div. 4th Dep't 2004).

[8] *Salemeh v, Toussaint*, 25 A.D.3d 411, 411, 810 N.Y.S.2d 1, 1-2 (App. Div. 1st Dep't 2006).

[9] *Mason Tenders District Council of Greater New York v. WTC Contracting, Inc.*, 2007 WL 2119897, *1, 182 L.R.R.M. (BNA) 2932, 2933 (S.D.N.Y. 2007).

[10] *WTC Contracting*, 2007 WL 2119897, *2-3, 182 L.R.R.M. (BNA) at 2933-34. *See also Duane Reade, Inc. v. Local 338*, 17 A.D.3d 277, 278, 794 N.Y.S.2d 25, 26 (App. Div. 1st Dep't 2005) (dismissal of claims against a local union where the plaintiff "failed to plead that each individual union member authorized or ratified the unlawful action"). Plaintiffs have sued Kenneth Brancaccio expressly in his capacity as President of Local 79, and thus do not seek to maintain a claim against him personally. While plaintiffs claim that eight "member[s] of Local 79, who participated in" Local 79's protest activity and presumably seek to hold each of the eight personally liable, any such claim is barred. As the court in *Duane Reade* explained, individual members of a union are protected from suits under *Martin v. Curran* when acting as the union's representative. *See also* 29 U.S.C. §185(b) (prohibiting the imposition of monetary damages

Because plaintiffs here have failed to allege that Local 79's entire membership authorized or ratified the alleged conduct forming the basis of the Complaint, all of plaintiffs' state claims (Counts Three through Eight) should be dismissed under *Martin v. Curran*.

II.     The State Law Claims Are Preempted by Federal Law

Plaintiffs' state claims are also subject to dismissal because they are preempted by the NLRA. In *San Diego Building Trades Council v. Garmon,* the Supreme Court excluded from state regulation any claim regarding conduct that is either "arguably protected" or "arguably prohibited" by the NLRA. As explained by the Court: "[w]hen an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."[11]

In *Local 76, International Association of Machinists v. Wisconsin Employment Relations Board*, the Supreme Court went further and held that claims challenging tools of "economic warfare . . . permitted" under the NLRA were likewise preempted as an area federal law leaves intentionally unregulated.[12]

These doctrines have routinely been applied, including by this Court, to preempt State tortious interference with contract claims based on a union's alleged picketing, strike or protest activity. In *Wolf St. Supermarkets, Inc. v. McPartland*, for example, the court held that state interference with contract claims directed at union picketing and handbilling were

---

against union members and individuals acting as agents of a labor organization); *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962) (explaining that "the union as an entity. . . should in the absence of agreement be the sole source of recovery for injury inflicted by it" (citations omitted)).

[11] *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 245 (1959).

[12] *Local 76, Int'l Ass'n of Machinists v. Wisconsin Employment Relations Bd.*, 427 U.S. 132 (1976).

- 4 -

preempted by the NLRA, explaining that the allegations of "sporadic" rather than "pervasive" violence or threatened violence, did not change the basic calculus that a matter concerning union handbilling and picketing is of principal federal, rather than state, concern, and thus subject to exclusive federal regulation under the NLRA.[13]

In *WTC Contracting,* mentioned above, this Court likewise found state law claims against a union based on alleged picketing (including claims that the union physically confronted workers) preempted by federal law. Appropriately, the Court dismissed not only the tortious interference claim, but relying on the fact that "the core of these claims involves alleged conduct that the WTC argues is at least arguably prohibited as unfair labor practices under the [NLRA]" also dismissed another claim directed at the alleged picketing the count for intentional infliction of emotional distress.[14] As the Court recognized, it is ultimately not the name of the state claim plaintiffs would assert that matters for preemption purposes, but the type of conduct they seek to subject to state regulation.[15]

---

[13] *Wolf St. Supermarkets, Inc. v. McPartland*, 108 A.D.2d 25, 30, 487 N.Y.S.2d 442, 447 (App. Div. 4th Dep't 1985).

[14] *WTC Contracting,* 2007 WL 2119897, at *3, 182 L.R.R.M. (BNA) at 2934-35.

[15] *See also Palm Beach Co. v. Journeyman's & Production Allied Services*, 519 F.Supp. 705 (S.D.N.Y. 1981); *Billy Jack for Her, Inc. v. New York Coat, Suit, Dress, Rainwear & Allied Workers Union,* 511 F.Supp. 1180, 1191 (S.D.N.Y. 1981) (finding preemption "unavoidable"); *Jou Jou Designs, Inc. v. ILGWU Local 23-25*, 94 A.D.2d 395, 402-04, 465 N.Y.S.2d 163, 168-69 (App. Div. 1st Dep't 1983) (finding preemption of tortious interference claims), *aff'd,* 60 N.Y.2d 1011, 471 N.Y.S.2d 568 (1983); *Delta-Sonic Carwash Systems, Inc. v. Building Trades Council*, 168 Misc.2d 672, 682, 640 N.Y.S.2d 368, 376 (S.Ct. Monroe Cty. 1995); *California State Council of Carpenters v. Associated General Contractors*, 648 F.2d 527, 540 (9th Cir. 1980) (affirming dismissal of tort claims for intentional interference with business and contractual relations)*, reversed on other grounds,* 459 U.S. 519 (1983); *Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre*, 504 F.Supp. 54, 69 (M.D. Penn. 1980), *affirmed in relevant part*, 647 F.2d 372, 380-381 (3d Cir. 1981); *Glass Bottle Blowers Ass'n v. Certainteed Corp.*, 1981 WL 2373, *2, 111 L.R.R.M. (BNA) 2363, 2364 (M.D. Ga. 1981).

So, too, here, not just Count Seven (Interference with Prospective Business Relations), but all of plaintiffs' state claims rely on the allegations regarding the Union's protest which plaintiffs themselves say violated the NLRA. In Counts One and Two, plaintiffs claim *all* of the allegations against the Union constitute violations of Section 8(b)(4) of the NLRA. In their two charges to the National Labor Relations Board (copies of which are attached as Exhibit 1), plaintiffs have made all the same factual claims, and, again, alleged the Union's acts violate the NLRA.

Plaintiffs' various state claims over the union's protest activity are therefore preempted and should be dismissed.

## CONCLUSION

For the above reasons, Counts Three through Eight of the Complaint should be dismissed.

Date:   December 7, 2007                    Respectfully submitted,

                                                    */s/ Joseph J. Vitale*
                                                  _____
                                                  Joseph J. Vitale (JV 0415)
                                                  COHEN, WEISS and SIMON LLP
                                                  330 West 42nd Street
                                                  New York, New York 10036
                                                  (212) 356-0238
                                                  jvitale@cwsny.com

                                                  Tamir W. Rosenblum (TR 0895)
                                                  Mason Tenders District Council
                                                    of Greater New York
                                                  520 Eighth Avenue, Suite 650
                                                  New York, New York 10018
                                                  (212) 452-9407

                                                  Counsel for Defendants
                                                  Laborers' Local No. 79 and
                                                  Kenneth Brancaccio

# EXHIBIT 1

| INTERNET FORM NLRB-508 (8-07) | UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD CHARGE AGAINST LABOR ORGANIZATIONS OR ITS AGENTS | FORM EXEMPT UNDER 44 U.S.C. 3512 |
|---|---|---|
| | | DO NOT WRITE IN THIS SPACE |
| | | Case: 2-CC-2719   Date Filed: 10/9/07 |

INSTRUCTIONS: File an original together with four copies and a copy for each additional charged party named in Item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

**a. Name**
Laborers Local Union 79

**b. Union Representative to contact**
John Delgado - Business Manager

**c. Telephone No.**
212-465-7900
Fax No.

**d. Address (Street, city, state, and ZIP code)**
520 Eighth Avenue, Suite 679
New York, NY 10011-4196

**e.** The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) 8 b 4 i ii B of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

SEE ATTACHED

**3. Name of Employer**
The Chetrit Group

**4. Telephone No.**
646-230-9360
Fax No.

**5. Location of plant involved** (street, city, state and ZIP code)
404 Fifth Avenue
New York, NY 10018

**6. Employer representative to contact**
Kevin J. McGill, Esq.

**7. Type of establishment** (factory, mine, wholesaler, etc.)
Business Office

**8. Identify principal product or service**
Building Construction

**9. Number of workers employed**
100 Plus

**10. Full name of party filing charge**
Kevin J. McGill, Esq.

**11. Address of party filing charge** (street, city, state and ZIP code)
Clifton Budd & DeMaria, LLP
420 Lexington Avenue, New York, NY 10170

**12. Telephone No.**
212-687-7410
Fax No. 212-687-3285

### 13. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _____ (signature of representative or person filing charge)

Kevin J. McGill, Esq.
(Print/type name and title or office, if any)

Clifton Budd & DeMaria, LLP
Address 420 Lexington Avenue, New York, NY 10170

(Fax) 212-687-3285
212-687-7410    10-5-07
(Telephone No.)    (date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

Since on or about a date six months prior to the filing of this charge, and continuing to date, the above-named labor organization, by its agents, and in furtherance of its primary dispute with Knockdown Contracting, has induced and encouraged employees of other employers to engage in a strike, and has threatened, coerced, and restrained the Chetrit Group and its President, Joseph Chetrit, where the object thereof is to force or require the Chetrit Group and its president, to cease doing business with Knockdown and to force or require Knockdown to recognize and bargain with Local 79.

The conduct of Local 79 and its agents in furtherance of the above-described object has included:

- Blocking the entrance to Chetrit Group offices at 404 Fifth Avenue and blocking the entrance to Joseph Chetrit's personal residence;

- Shouting obscenities to employees entering and exiting Chetrit Group offices;

- Trespassing and shouting obscenities into the lobby;

- Throwing trash into the 404 Fifth Avenue property;

- On several occasions, making verbal threats and gestures against Chetrit including threats of violence which caused Joseph Chetrit apprehension of imminent, harmful and offensive contact;

- Attempting to provoke a physical confrontation with Joseph Chetrit;

- Threatening to go and to enter Chetrit's home;

- Pursuing and photographing Chetrit as he approached his business offices;

- Photographing and filming workers engaged in repairing the front gate to Chetrit's personal residence;

- Erecting a large inflated RAT in front 404 Fifth Avenue and in front of Chetrit's personal residence and posting and patrolling both properties by means of walking back and forth in front of each;

- Inducing the public to cease doing business with the Chetrit Group.

10/23/2007 13:07 FAX 2126874339        CLIFTON BUDD & DEMARIA                    ☑002/003

INTERNET
FORM NLRB-508
(6-90)

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 2-CD-1135 | 10/23/07 |

INSTRUCTIONS: File an original and 4 copies of this charge and an additional copy for each organization, each local, and each individual named in Item 1 with the NLRB Regional Director of the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

| a. Name | b. Union Representative to contact |
|---|---|
| Laborers Local Union 79, LIUNA, AFL-CIO | John Delgado - Business Agent |

| c. Telephone No. | d. Address (street, city, state and ZIP code) |
|---|---|
| 212-465-7900 | 520 Eighth Avenue, Suite 679<br>New York, NY 10011-4196 |

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) __8 b 4 (i) (ii) (D)__ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

**SEE ATTACHED**

| 3. Name of Employer | 4. Telephone No. |
|---|---|
| The Chetrit Group | 646-230-9360 |

| 5. Location of plant involved (street, city, state and ZIP code) | 6. Employer representative to contact |
|---|---|
| 404 Fifth Avenue<br>New York, NY 10018 | Kevin J. McGill, Esq. |

| 7. Type of establishment (factory, mine, wholesaler, etc.) | 8. Identify principal product or service | 9. Number of workers employed |
|---|---|---|
| Business Office | Building Construction | 100 Plus |

| 10. Full name of party filing charge |
|---|
| Kevin J. McGill, Esq. |

| 11. Address of party filing charge (street, city, state and ZIP code) | 12. Telephone No. |
|---|---|
| Clifton Budd & DeMaria, LLP<br>420 Lexington Avenue, New York, NY 10170 | 212-687-7410  Fax: 212-687-3285 |

### 13. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _[signature]_
(signature of representative or person making charge)

Kevin J. McGill, Esq.
(title or office, if any)

Address  Clifton Budd & DeMaria, LLP, 420 Lex. Ave., NY, NY 10170    212-687-7410    10/23/07
                                                                    (Telephone No.)  (date)

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

*U.S. GPO: 2000-464-640/29074

Since on or about a date six months prior to the filing of this charge, and continuing to date, the above-named labor organization, by its agents, has (i) encouraged employees to engage in a strike and has (ii) threatened, coerced and restrained the Chetrit Group and its member, Joseph Chetrit, where an object thereof is to force or require the Chetrit Group, and Joseph Chetrit, to assign particular work to employees of contractors favored by Local 79 rather than to employees employed by Knockdown Contracting or any other non-union contractor.

The conduct of Local 79 and its agents in furtherance of the above-described object has included:

- Blocking the entrance to Chetrit Group offices at 404 Fifth Avenue and blocking the entrance to Joseph Chetrit's personal residence;

- Shouting obscenities to employees entering and exiting Chetrit Group offices;

- Trespassing and shouting obscenities into the lobby;

- Throwing trash into the 404 Fifth Avenue property;

- On several occasions, making verbal threats and gestures against Chetrit including threats of violence which caused Joseph Chetrit apprehension of imminent, harmful and offensive contact;

- Attempting to provoke a physical confrontation with Joseph Chetrit;

- Threatening to go and to enter Chetrit's home;

- Pursuing and photographing Chetrit as he approached his business offices;

- Photographing and filming workers engaged in repairing the front gate to Chetrit's personal residence;

- Erecting a large inflated RAT in front 404 Fifth Avenue and in front of Chetrit's personal residence and posting and patrolling both properties by means of walking back and forth in front of each;

- Inducing the public to cease doing business with the Chetrit Group.