```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE CHETRIT GROUP and                       :
JOSEPH CHETRIT,                             :   ECF CASE
                                            :
                    Plaintiffs,             :   Case No.: 07CIV8653 (GBD)
                                            :
              -against-                     :
                                            :
                                            :
LABORERS LOCAL UNION 79,                    :
KENNETH BRANCACCIO in his capacity as       :
President of Laborers Local Union 79,       :
JAMES HEGARTY, GUY SPERLING, STANISLAV      :
HUBKA, JOHN DELGADO, KLAUS RYNIEWICZ,       :
JERRY CRAFT, JUAN CARLOS, LEWIS             :
MONTALVA, and JOHN DOES 1-10,               :
                                            :
                    Defendants.             :
                                            :
------------------------------------------------------------------x
```

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT

CLIFTON BUDD & DeMARIA, LLP
Kevin J. McGill (KM 4554)
George F. Brenlla (GB 9612)
Matthew A. Siebel (MS 8327)
Attorneys for Plaintiffs
420 Lexington Avenue
New York, NY 10170
(212) 687-7410

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

LEGAL ARGUMENT ........................................................................................................... 2

I. Standard Governing A Motion Pursuant To Fed.R.Civ.P. 12(b)(6) ............................... 2

II. The Complaint Sufficiently States A Cause Of Action Against The Union As An
    Unincorporated Association ............................................................................................ 2

III. Plaintiffs' State Law Claims Are Not Preempted By The NLRA .................................. 5

    A.    The Conduct At Issue Implicates Concerns Deeply Rooted In Local Feeling
          And Responsibility ............................................................................................. 6

    B.    Proposed State Regulation Of The Conduct At Issue Would Touch Concerns
          That Are Merely Peripheral To Federal Labor Laws ....................................... 10

    C.    It Is Irrelevant That Plaintiffs Have Filed Charges With The NLRB And
          Bring Suit Under 29 U.S.C. §187 ..................................................................... 11

CONCLUSION ................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*A. Terzi Productions Inc. v. Theatrical Protective Union, Local No. One,*
2000 U.S.Dist. LEXIS 12601, 166 L.R.R.M. (BNA) 2485 (S.D.N.Y. 2000) ............ 8, 9, 10

*Boyce v. Hart,*
8 A.D.2d 916, 187 N.Y.S.2d 41 (3rd Dep't 1959) .......................................................... 4

*Delta-Sonic Carwash System, Inc. v. Building Trades Council,*
168 Misc.2d 672, 640 N.Y.S.2d 368 (S.Ct.Monroe County 1995) ............................... 9

*Duane Reade, Inc. v. Local 338,*
17 A.D.3d 277, 794 N.Y.S.2d 25 (1st Dep't 2005) ........................................................ 4

*Farmer v. United Brotherhood of Carpenters & Joiners of America,*
430 U.S. 290 (1976) .............................................................................................. 6, 8, 11

*Jou Jou Designs, Inc. v. ILGWU Local 23-25,*
94 A.D.2d 395, 465 N.Y.S.2d 163 (1st Dep't 1983) ...................................................... 9

*Lodge 76, Int'l Ass'n of Machinists v. Wisconsin Employment Relations Commission,*
427 U.S. 132 (1976) ................................................................................................ passim

*Martin v. Curran,*
303 N.Y. 276, 101 N.E.2d 683 (1951) ............................................................... 2, 3, 4, 5

*Mason Tenders District Council of Greater New York v. WTC Contracting, Inc.,*
2007 U.S.Dist. LEXIS 53248, 182 L.R.R.M. (BNA) 2932 (S.D.N.Y. 2007) .............. 4, 9

*McCann v. Alaska Airlines, Inc.,*
758 F.Supp. 559 (N.D.Cal. 1991) ................................................................................. 8

*Metro Opera Ass'n v. Local 100,*
2000 U.S. Dist. LEXIS 11151, 164 L.R.R.M. (BNA) 2667 (S.D.N.Y. 2000) .......... 10, 11

*Metro. Opera Ass'n v. Local 100,*
2004 U.S.Dist.LEXIS 17093, 175 L.R.R.M. (BNA) 2870 (S.D.N.Y. 2004) ......... passim

*Modeste v. Local 1199 Drug, Hosp. and Health Care Employees Union,
RWDSU, AFL-CIO,*
850 F.Supp. 1156 (S.D.N.Y. 1994) ............................................................................. 4, 5

*Mounteer v. Bayly,*
86 A.D.2d 942, 448 N.Y.S.2d 582 (3d Dep't 1982) ....................................................... 5

*Palm Beach Co. v. Journeyman's & Production Allied Services,*
519 F.Supp. 705 (S.D.N.Y. 1981) ......................................................................................... passim

*R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1,*
789 F.Supp. 127 (S.D.N.Y. 1992) .................................................................................. 5, 8, 9, 10

*Salemeh v. Toussaint,*
25 A.D.3d 411, 810 N.Y.S.2d 1 (1st Dep't 2006) ..................................................................... 4

*San Diego Building Trades Council v. Garmon,*
359 U.S. 236 (1959) ............................................................................................................ passim

*Sears, Roebuck & Co. v. San Diego County District Council of Carpenters,*
436 U.S. 180 (1978) ............................................................................................................... 8, 11

*Todd v. Exxon Corporation,*
275 F.3d 191 (2d Cir. 2001) ......................................................................................................... 2

*Wolf Street Supermarkets, Inc. v. McPartland,*
108 A.D.2d 25, 487 N.Y.S.2d 442 (4th Dep't 1985) .................................................................. 9

**Statutes**

29 U.S.C. §187 ............................................................................................................................ 11

## **PRELIMINARY STATEMENT**

This action involves the claims of Plaintiffs The Chetrit Group ("TCG") and Joseph Chetrit ("Chetrit") (collectively the "Plaintiffs") for damages in connection with the illegal campaign of harassment, violence and destruction instituted by defendants Laborers Local Union 79, Kenneth Brancaccio, James Hegarty, Guy Sperling, Stanislav Hubka, John Delgado, Klaus Ryniewicz, Jerry Craft, Juan Carlos and Lewis Montalva (collectively the "Defendants").

In the instant motion, Defendants seek to dismiss Counts Three (Private Nuisance), Four (Civil Trespass), Five (Intentional Infliction of Emotional Distress), Six (Assault), Seven (Interference With Prospective Business Relations), and Eight (Prima Facie Tort) (collectively the "State Law Claims") of Plaintiffs' Amended Complaint (the "Complaint.") This motion is premised upon two independent theories which are each equally without merit.

Defendants first argue that the State Law Claims should be dismissed as Plaintiffs have failed to allege that all members of Local 79 authorized or ratified the conduct at issue. This claim is unfounded as Plaintiffs' Complaint does, in fact, make such an allegation. At this stage of the proceeding, it is unnecessary for Plaintiffs to prove anything more.

Defendants also argue that the State Law Claims should be dismissed as these claims are preempted by federal law. However, Defendants' argument is fatally flawed in that it fails to address, or even mention, the two applicable exceptions to such preemption. Specifically, (i) that the conduct at issue implicates concerns which "are deeply rooted in local feeling and responsibility" and/or (ii) state regulation of this conduct would touch concerns that are "merely peripheral" to federal labor laws. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 243-244 (1959). For the reasons set forth below, Defendants' motion should be denied in its entirety.

## LEGAL ARGUMENT

### I.

### STANDARD GOVERNING A MOTION PURSUANT TO FED. R. CIV P. 12 (b) (6)

Defendants move this Court for the dismissal of the State Law Claims, presumably for failure to state a claim pursuant to F.R.C.P. 12(b)(6). In considering such a motion, the District Court must "construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true." *Todd v. Exxon Corporation*, 275 F.3d 191, 197 (2d Cir. 2001). Moreover, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 197-198 (internal citations and quotation marks omitted.) Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* at 198 (internal citations and quotation marks omitted.)

As set forth below, the State Law Claims contained in Plaintiffs' Complaint sufficiently state causes of action such that they should be permitted to proceed.

### II.

### THE COMPLAINT SUFFICIENTLY STATES A CAUSE OF ACTION AGAINST THE UNION AS AN UNINCORPORATED ASSOCIATION

Defendants first argue that Plaintiffs have insufficiently pled a cause of action against Local 79, an unincorporated association. This argument has no basis in fact or law as Plaintiffs have properly pled a cause of action against the Union.

Defendants rely primarily upon *Martin v. Curran*, 303 N.Y. 276, 282, 101 N.E.2d 683 (1951) ("*Martin*") which held, *inter alia*, that suits against unincorporated associations are

limited "to cases where the individual liability of every single member can be alleged and proven." In *Martin*, the suit against defendants sued in their capacity as officers of the union was dismissed "since there is in this complaint no allegation that the individual members of the union authorized or ratified the tort complained of." *Id.* at 279-280. Attempting to apply this reasoning, Defendants argue:

> Because Plaintiffs here have failed to allege that Local 79's entire membership authorized or ratified the alleged conduct forming the basis of the Complaint, all of plaintiff's state claims (Counts Three through Eight) should be dismissed under *Martin v. Curran*.

Defendants' Memorandum of Law at Pg. 4.

However, even a cursory review of the Complaint reflects that Plaintiffs specifically framed their pleading to be in full compliance with *Martin*. That is, in Paragraph 20 of the Complaint, Plaintiffs allege that all of the various wrongful actions taken against Plaintiffs were:

> done with the full <u>knowledge, authorization and ratification</u> of the individual members of Local 79 and the officers and agents of Local 79.

Complaint at ¶20 (emphasis added).

Clearly, Plaintiffs have met the *Martin* requirements by alleging that the entire membership of Local 79 approved and ratified the conduct complained of. For purposes of the instant motion to dismiss, these allegations must be taken as true. Therefore, the Complaint, as it stands, sufficiently meets Plaintiffs' obligations under *Martin*.

In *Metro. Opera Ass'n v. Local 100*, 2004 U.S.Dist. LEXIS 17093, 175 L.R.R.M. (BNA) 2870 (S.D.N.Y. 2004) ("*Metro Opera II*"), defendant union similarly attempted to argue the complaint should be dismissed pursuant to *Martin*. In rejecting this claim, Judge Preska explained:

3

> In asserting that [plaintiff] failed properly to plead the Union's liability pursuant to *Martin v. Curran*. . .the Union ignores the [plaintiff's] <u>detailed pleading concerning membership participation, authorization and ratification</u>. . .when read in its entirety, the [plaintiff's] <u>Amended Complaint fully satisfies the requirements of *Martin v. Curran*</u>. . .the Union's assertion that [plaintiff] failed to plead ratification adequately is simply wrong; the [plaintiff's] Amended Complaint, in satisfaction of *Martin v. Curran*, alternatively pleaded that the [union's] membership participated in, authorized beforehand and/or ratified after the fact the tortuous activities specifically detailed in [plaintiff's] complaint. (emphasis supplied).

*Id.* at *59-60. *See also Boyce v. Hart*, 8 A.D.2d 916, 187 N.Y.S.2d 41, 42 (3rd Dep't 1959) ([f]or the purpose of the motion addressed to the pleading this statement of ratification must be deemed to be true. . .A good cause of action within *Martin v. Curran*. . .is now stated.)

Moreover, as Plaintiffs <u>have</u> pled that all Defendants authorized and ratified the conduct at issue, the impressive string cite of cases cited by Defendants has no value at all. *See e.g. Salemeh v. Toussaint*, 25 A.D.3d 411, 412, 810 N.Y.S.2d 1 (1st Dep't 2006) ("plaintiff. . .failed to plead that the entire membership of Local 100 authorized in advance, or subsequently ratified, the alleged assault upon him."); *Mason Tenders District Council of Greater New York v. WTC Contracting, Inc.*, 2007 U.S.Dist. LEXIS 53248, 182 L.R.R.M. (BNA) 2932, 2934 (S.D.N.Y. 2007) ("*Mason Tenders*") ("counter-plaintiffs have failed adequately to allege that each member of the union authorized or subsequently ratified the alleged torts"); *Duane Reade, Inc. v. Local 338*, 17 A.D.3d 277, 278, 794 N.Y.S.2d 25 (1st Dep't 2005) ("plaintiff failed to plead that each individual union member authorized or ratified the unlawful action.")

In fact, in *Metro Opera II, supra*, Judge Preska held that many of the exact cases relied upon by Defendants herein were inapplicable due to the fact that plaintiffs in those cases <u>did not</u> appropriately plead participation, authorization or ratification. *Id.* at *64, fn. 21 (distinguishing *Modeste v. Local 1199 Drug, Hosp. and Health Care Employees Union, RWDSU, AFL-CIO*, 850

4

F.Supp. 1156 (S.D.N.Y. 1994), *aff'd* 38 F.3d 626 (2d Cir. 1994); *R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1*, 789 F.Supp.127 (S.D.N.Y. 1992), *aff'd* 33 F.3d 145 (2d Cir. 1994); and *Mounteer v. Bayly*, 86 A.D.2d 942, 448 N.Y.S.2d 582 (3d Dep't 1982), all incorrectly relied upon by Defendants.)

In sum, Defendants' first argument should be disregarded by the language of the Complaint itself which clearly satisfies the *Martin* authorization/ratification requirement. While Defendants may later argue that Plaintiffs cannot <u>prove</u> such authorization/ratification, such argument is not presently before the Court.

### III.

### PLAINTIFFS' STATE LAW CLAIMS ARE NOT PREEMPTED BY THE NLRA

Defendants next argue that the State Law Claims are barred under theories of preemption as set forth in either *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959) ("*Garmon*") or *Lodge 76, Int'l Ass'n of Machinists v. Wisconsin Employment Relations Commission*, 427 U.S. 132 (1976) ("*Machinists*"). However, due to the conduct at issue, neither theory of preemption applies in the matter *sub judice*.

As originally stated by the Supreme Court in *Garmon*:

> due regard for the presuppositions of our embracing federal system, including the principle of diffusion of power not as a matter of doctrinaire localism but as a promoter of democracy, has required us not to find withdrawal from the States of power to regulate where the activity regulated was merely peripheral concern of the Labor Management Relations Act. . .Or where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act.

*Id.* at 243-244. *See also Machinists* at 137.

As both *Garmon* and *Machinists* apply the same exceptions to preemption, the court in *Palm Beach Co. v. Journeyman's & Production Allied Services*, 519 F.Supp. 705, 713 (S.D.N.Y. 1981) ("*Palm Beach*"), explained that, under either preemption scenario, the only relevant focus is:

> on the extent to which that conduct implicates <u>concerns that are deeply rooted in local feeling and responsibility,</u> and the extent to which the proposed state regulation of that conduct would touch concerns that are at the heart of, rather than <u>merely peripheral</u> to, the federal labor laws. (emphasis supplied).

As demonstrated below, both of these factors militate in favor of a finding that federal preemption does not apply to the claims raised in the Complaint.

### A.  The Conduct At Issue Implicates Concerns Deeply Rooted In Local Feeling And Responsibility

In *Palm Beach Co.* the court explained:

> The paradigmatic example of a case wherein the challenged conduct touches concerns deeply rooted in local feeling and responsibility is an action to enjoin or recover compensation for violent or threatened picketing. . .The Garmon Court specifically held that the states were permitted to enjoin or to award compensation for the consequences of conduct marked by violence and imminent threats to the public order. . .More recently, the Supreme Court commented that (policing) of actual or threatened violence to persons or destruction of property has been held most clearly a matter for the States.

*Id.* at 713 (internal quotation marks and citations omitted). *See also Farmer v. United Brotherhood of Carpenters & Joiners of America*, 430 U.S. 290, 299 (1976) ("Nothing in the federal labor statutes protects or immunizes from state action violence or the threat of violence in a labor dispute."). With regards to personal (as opposed to business) torts, the court in *Palm Beach* noted:

6

> The inclusion of personal torts in this category is based on the notion that the state's special interest in protecting the health and safety of its citizens extends not only to protecting them from physical injury but also from the infliction of mental or psychological harm.

*Id.* at 714.

In this matter, Plaintiffs allege, *inter alia*, that the Defendants have taken part in the following wrongful conduct:

> Blocking the entrance to TCG and Chetrit's home; Shouting obscenities in front of TCG; Trespassing and shouting obscenities into the lobby of TCG; Throwing trash into TCG property; Making verbal threats and gestures against Chetrit including threats to "beat the shit out of [Chetrit]," which caused Chetrit apprehension of imminent harmful and offensive contact; Attempting to provoke physical confrontations with Chetrit; Threatening to go to and enter Chetrit's home; Cursing at Chetrit; Following and photographing Chetrit and blocking the egress of commercial vehicles in violation of New York City parking regulations.

Complaint at ¶19. In this regard, the type of conduct involved in the matter at hand is wholly different from the peaceful conduct at issue in either *Garmon* or *Machinists*. See *Garmon* at 782 (finding no compelling state interest in the absence of intimidation and threats of violence); *Machinists* at 412 ("[i]t is not contended. . .that the Union policy. . .was enforced by violence or threats of intimidation or injury to property.")

Therefore, there is no doubt that Defendants' conduct is both unprotected by federal labor law and the primary concern of the State of New York. In particular, the State of New York has an undeniable, and primary, interest in ensuring that its citizens and businesses are free from violence, threats and damages to their persons and property. While Defendants attempt to characterize their conduct as "perfectly lawful and First Amendment Protected protest activity,"[1] this characterization is misleading at best. Plaintiffs' allegations, which must be taken as true,

---
[1] Defendants' Memorandum of Law at Pg. 1.

7

(and which will be later proven as true) depict a campaign of tortuous conduct which both *Garmon* and *Machinists* have left for the states to remedy.

Under circumstances involving similar acts of local concern, the United States Supreme Court and other courts have repeatedly held that the exact types of state law claims contained in Plaintiffs' Complaint are not preempted by federal law. *See e.g. Farmer v. United Brotherhood of Carpenters & Joiners of America*, 430 U.S. 290 (1976) (IIED claim not preempted where plaintiff claimed he was subjected to a campaign of abuse and harassment by union); *Sears, Roebuck & Co. v. San Diego County District Council of Carpenters*, 436 U.S. 180 (1978) (trespass claim not preempted); *R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1*, 789 F.Supp.127 (S.D.N.Y. 1992), *aff'd* 33 F.3d 145 (2d Cir. 1994) (prima facie tort claim not preempted). *Cf. McCann v. Alaska Airlines, Inc.*, 758 F.Supp. 559 (N.D.Cal. 1991)(assault claim not preempted by Railway Labor Act).

Moreover, although the *Palm Beach* decision indicates that so-called business torts generally involve less state concerns,[2] this characterization does not bar Plaintiffs' non-personal torts (*e.g.* for Interference With Prospective Business Relations) based on Defendants' conduct. In *A. Terzi Productions Inc. v. Theatrical Protective Union, Local No. One*, 2000 U.S.Dist. LEXIS 12601, 166 L.R.R.M. (BNA) 2485 (S.D.N.Y. 2000), the court held that, plaintiff's claim for Tortuous Interference With Prospective Business Relations could proceed:

> Considering the above events, with the violence-related threats. . .as well as the physical intimidation of. . .workers, there is ample evidence of violence in the record for the jury to have properly found that violence or threats of violence were a direct cause of [plaintiff's] damaged business relations with his clients. Therefore, Count III [for Tortuous Interference With Prospective Business Relations] is not preempted by the National Labor Relations Act.

---

[2] *Id.* at 714.

8

*Id.* at *16. *See also R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1*, 789 F.Supp.127 (S.D.N.Y. 1992), *aff'd* 33 F.3d 145 (2d Cir. 1994) (intentional interference with contractual relations not preempted based upon the presence of allegations relating to violent picketing); *Metropolitan Opera II* at *75 (interference with business relations and economic advantage claim held not preempted).

The presence of factors which would implicate strong feelings of local concern and responsibility makes the cases relied upon by Defendants readily distinguishable.[3] *See e.g. Delta-Sonic Carwash System, Inc. v. Building Trades Council*, 168 Misc.2d 672, 681, 640 N.Y.S.2d 368 (S.Ct.Monroe County 1995) (court held local feeling exception did not apply as "the [union's] proposed handbilling is peaceable in nature, involving no elements of violence, forceful intimidation, or coercion which might properly be of concern to the States.") Moreover, in *Palm Beach*, the court noted "if the complaint could be construed to allege a cause of action based on the violence that attends or threatens to attend [the union's] picketing. . .the complaint would concededly state a non-preempted state law claim." *Palm Beach* at 707 (emphasis added.)[4]

In sum, the violent, harassing and destructive conduct described in the Complaint is conduct which clearly should be left New York state law to remedy. As such, the State Law Claims are not subject to preemption.

---

[3] As a preliminary matter, the case of *Wolf Street Supermarkets, Inc. v. McPartland*, 108 A.D.2d 25, 487 N.Y.S.2d 442 (4th Dep't 1985) has no applicability to this motion. Here, the Fourth Department found that plaintiff's Intentional Interference with Business Relations claim was preempted only after plaintiff failed to demonstrate that violent picketing resulted in damage to its business. The court did not rule that such a claim was preempted as a matter of law.

[4] Although the case of *Mason Tenders* case appears to involve non peaceful conduct, it is respectfully submitted that this decision should not be considered. In particular, the Court did not discuss, or even address, any applicable exceptions to preemption relied upon herein. Rather, the Court simply discussed the fact that the conduct at issue was arguable a violation of the National Labor Relations Act. *Id.* at 2934-2935. This is an incomplete preemption analysis. *See Palm Beach* at 710 ("a finding of preemption requires not just a determination that federal labor law provides an arguable basis for prohibiting or protecting the challenged activity." (emphasis added.) *Jou Jou Designs, Inc. v. ILGWU Local 23-25*, 94 A.D.2d 395, 465 N.Y.S.2d 163 (1st Dep't 1983), *aff'd* 60 N.Y.2d 1011, 471 N.Y.S.2d 568 (1983) is not persuasive authority for similar reasons.

### B. Proposed State Regulation Of The Conduct At Issue Would Touch Concerns That Are Merely Peripheral To Federal Labor Laws

Aside from the application of the "local feeling" exception, Defendant's argument fails based on the application of the second *Garmon/Machinists* exception. As explained by the Southern District in *Palm Beach*:

> If the proposed application would not challenge the defendant's labor objective, but would only regulate the manner in which it sought to obtain that objective, it is plain enough that there need be far less concern that state law might be applied so as to disturb significantly the balance struck by Congress.

*Palm Beach* Co. at 715-716.

Here, Plaintiffs' State Law Claims should be determined in a manner which is merely peripheral to federal labor law. This is so due to the fact that the Complaint only seeks to regulate the <u>manner</u> in which Defendants are seeking to obtain their labor objectives. For example, Plaintiffs seek a determination that Defendants should have pursued these objectives without interfering with Plaintiffs right to enjoy their property (Count 3); trespassing on Plaintiff's property (Count 4); inflicting emotional distress upon Plaintiff Chetrit (Count 5); and assaulting Plaintiff Chetrit (Count 6).[5]

An earlier published decision in the *Metro Opera* matter is instructive on this issue. In response to defendants' argument that plaintiffs' claims for, *inter alia*, trespass and interference with business relations and economic advantage, were preempted, the court explained:

> The exercise of state jurisdiction over such state law tort claims entails very little risk of interference with the regulatory

---

[5] Plaintiffs recognize that, in *Palm Beach*, the court found a similar interference with business relations claims to be not merely peripheral to federal labor laws. However, as stated above, these claims are nonetheless saved by the "local feeling" exception based on the violent nature of Defendants' conduct. *R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1*, 789 F.Supp.127 (S.D.N.Y. 1992), *aff'd* 33 F.3d 145 (2d Cir. 1994); *A. Terzi Productions Inc. v. Theatrical Protective Union, Local No. One*, 2000 U.S.Dist. LEXIS 12601, 166 L.R.R.M (BNA) 2485 (S.D.N.Y. 2000). It is also important to note that the *Palm Beach* decision is of limited applicability to the matter at hand as that case only dealt with a so-called business tort, which it viewed as less protected than "personal" torts.

10

> jurisdiction of the labor board. Certainly, the labor board remains free to act, but, most importantly for our interests, the goals of the federal labor legislation are easily accommodated. The [plaintiff's] property interests can be protected, and the union's federal labor goals can be protected without the use of defamatory, threatening, harassing statements, trespass or interference with prospective economic relations.

*Metro Opera Ass'n v. Local 100*, 2000 U.S. Dist. LEXIS 11151, 164 L.R.R.M. (BNA) 2667 at * 49-50 (S.D.N.Y. 2000) ("*Metro Opera II*"), *vacated on other grounds* 239 F.3d 172 (2d. Cir. 2001)[6]. *See also Sears, Roebuck & Co. v. San Diego County District Council of Carpenters*, 436 U.S. 180, 198 (1978) (state court examination of trespass action would involve examination of location of picketing, not object thereof); *Farmer v. United Brotherhood of Carpenters & Joiners of America*, 430 U.S. 290, 304 (1976) (state court action for IIED could be adjudicated without examination of merits of underlying labor dispute).

Therefore, and in the absence of state claims that would directly relate to Defendants' labor objectives, the State Law Claims are exempt from preemption on this ground as well.

### C. It Is Irrelevant That Plaintiffs Have Filed Charges With The NLRB And Bring Suit Under 29 U.S.C. §187

Finally, it is completely irrelevant that Plaintiffs have also filed charges with the National Labor Relations Board and bring claims under 29 U.S.C. §187 based on Defendants' conduct. Defendants' Memorandum of Law at Pg. 6.

First, Defendants cite to no authority that the filing of either type of claim precludes pendant state court tort claims. Second, as explained in Point B, *infra*, the NLRB and this Court will examine Plaintiffs' labor and tort claims separately, emphasizing different factors. Finally,

---

[6] The Second Circuit vacated the temporary restraining order issued by the court in *Metro Opera I* without addressing the court's preemption analysis. The court's preemption analysis remained undisturbed through *Metro Opera II*. *See e.g. Metro Opera II* at *75 ("that [preemption] argument was rejected on the preliminary injunction motion.")

Defendants' argument goes only to the initial application of *Garmon/Machinists* preemption, <u>not</u> whether either of the two exceptions discussed above apply.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that Defendants' Motion should be denied in its entirety.

Dated: January 4, 2008
      New York, New York

                                          CLIFTON BUDD & DeMARIA, LLP

                  By: *[signature: Matthew S...]*

                                        Kevin J. McGill (KM 4554)
                                        George F. Brenlla (GB 9612)
                                        Matthew A. Siebel (MS 8327)
                                        Attorneys for Plaintiffs
                                        420 Lexington Avenue
                                        New York, NY 10170
                                        (212) 687-7410