UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
THE CHETRIT GROUP and JOSEPH CHETRIT, :
:
                  Plaintiffs, : Case No. 07 CIV 8653 (GBD)
:
  - v. - :
:
LABORERS' LOCAL UNION 79, KENNETH :
BRANCACCIO, in his capacity as President of :
Laborers' Local Union 79, et al., :
:
                  Defendants. :
:
------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS BY DEFENDANTS LABORERS' LOCAL UNION 79 AND KENNETH BRANCACCIO

Joseph J. Vitale (JV 0415)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 356-0238

Tamir W. Rosenblum (TR 0895)
Mason Tenders District Council
 of Greater New York
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9407

Counsel for Defendants
Laborers' Local No. 79 and Kenneth Brancaccio

117287.DOC.1

In their opening brief, defendants Construction and General Building Laborers' Local 79 and Kenneth Brancaccio, in his official capacity as President of Local 79, (collectively "Local 79" or "Defendants") demonstrated that plaintiffs' state law claims were subject to dismissal for two, independent reasons: plaintiffs failed to plead that all members of Local 79 authorized or ratified the conduct alleged in the complaint; and the issues addressed by the state charges are preempted by the National Labor Relations Act ("NLRA").[1]

As explained below, plaintiffs and their counsel are apparently willing to make the almost certainly unfounded allegations regarding membership ratification. If the state law claims were to otherwise survive this motion, plaintiffs should be required to file an amended complaint that sets forth the allegation of ratification in a clear and non-conclusory manner. A further amended complaint will be unnecessary, however, because as explained further below, plaintiffs fail to demonstrate that their state claims survive preemption.

1. Plaintiffs Should Be Required to State in a Clear and Non-Conclusory Manner Their Allegations Regarding Membership Ratification

In their opposition brief, plaintiffs do not dispute that under *Martin v. Curran*[2] and its progeny, their state law claims in fact fail unless plaintiffs allege, and ultimately prove, that each and every member of Local 79 expressly authorized or ratified the action underlying the claim. Nor do the plaintiffs dispute, as defendants also showed in its initial memorandum,

---

[1] Defendants Local 79 and Brancaccio expressly stated in their opening brief that their motion was on their behalf and not on behalf of the eight individual defendants, none of whom have been served with process in this action. *See* Union Br. at 1, n.1. In their opposition papers, plaintiffs suggest the motion is on all defendants' behalf. *Compare* Pl. Br. at 1 (defining "Defendants" to include all eight individuals) *with* Pl. Br. at 1 ("In the instant motion, Defendants seek to dismiss . . ."). Any such suggestion is in error.

[2] *Martin v. Curran*, 303 N.Y. 276, 101 N.E.2d 683 (1951).

that this veritably insurmountable burden is also an element of any claim against individual union members for actions taken in their official capacities.[3]

Plaintiffs assure the Court, however, that they have satisfied the requirement of *Martin v. Curran*, claiming that their reference in paragraph 20 of the Amended Complaint to authorization or ratification by "the individual members of Local 79" is to *all* members, not just the eight individuals named in the preceding paragraphs (as Local 79 had understood).

Given that Local 79 has approximately 9,000 members, it is extremely difficult to see how plaintiffs will support this allegation.[4] As demonstrated in defendants' initial memorandum, and further below, plaintiffs' state law claims are also preempted by federal law, which Local 79 believes moots the issue of whether plaintiffs' have made adequate factual averments under *Martin v. Curran*. In the unlikely event that the state law claims survive preemption, plaintiffs should be required to amend their complaint to expand upon their vague contention about the union membership's knowledge, authorization, and ratification by providing specific allegations of when and how this massive process of ratification supposedly occurred. Defendants reserve the right, however, to later file a motion that plaintiffs or their counsel make such allegations without any evidentiary support in violation of Rule 11 of the Federal Rules of Civil Procedure.

---

[3] *See Duane Reade, Inc. v. Local 338*, 17 A.D.3d 277, 794 N.Y.S.2d 25 (S.Ct. Monroe Cty. 1995); Union Br. at 2-4.

[4] *See, e.g., Modeste v. Local 1199, Drug, Hosp. and Health Care Employees Union*, 850 F.Supp. 1156, 1168 (S.D.N.Y. 1994) (recognizing that *Martin v. Curran* "imposes an onerous and almost insurmountable burden on individuals seeking to impose liability on labor unions"), *aff'd*, 38 F.3d 626 (2d Cir. 1994); *Giffords Oil Co. v. Boss*, 54 A.D.2d 555, 556, 387 N.Y.S.2d 51, 52 (App. Div. 2d Dep't 1976) (affirming dismissal since members' authorization of strike was not authorization of torts at issue).

2.  <u>Plaintiffs' State Law Claims Are Preempted</u>

As previously demonstrated, plaintiffs' state claims are also subject to dismissal because they are preempted by the NLRA. The Amended Complaint explicitly avers that *all* of Local 79's actions were taken "in furtherance of [a] labor dispute"; and that *all* of the actions violate *both* Sections 8(b)(4)(ii)(B) and (D) of the Act.[5] Plaintiffs have likewise filed charges with the National Labor Relation Board on identical grounds. Yet they now remarkably argue that the "narrow exception," set forth in *San Diego Building Trades Council v. Garmon*,[6] preserving applicability of state law for matters deeply rooted in state feeling, should, nonetheless, apply and seven different state law torts should survive without infringing on federal preemption doctrines.

Plaintiffs' attempt to justify this contradiction by arguing that the Court should construe the Amended Complaint as asserting state law claims in order to regulate "the manner" in which defendants pursue their labor objectives, without actually applying the state laws to restrict Local 79's objectives themselves.[7]

Plaintiffs' argument fails, first, because the Amended Complaint cannot be so read. Plaintiffs have made no distinction whatsoever between the objectives or actions they would seek to regulate by state rather than federal law. All of the miscellaneous acts plaintiffs claim constitute Local 79's "campaign of harassment" at paragraph 19 of the Amended Complaint constitute the grounds for all nine claims in the Complaint. Thus, unlike various cases to which plaintiffs cite where state law has been permitted to apply to extreme tortious activity that may be analyzed independently from any federal labor concerns, plaintiffs have

---

[5] Amended Complaint ¶¶ 23, 26, 31.
[6] 359 U.S. 236 (1959).
[7] Pl. Br. at 10.

presented an undifferentiated miasma of (albeit false) allegations of union actions and objectives which they seek in en masse to regulate both under federal and state law.

This was precisely the situation in *Mason Tenders District Council of Greater New York v. WTC Contracting, Inc.,* where plaintiffs likewise contended that the exact same conduct was the basis for both state tort claims and federal counts under 29 U.S.C. Section 187.[8] This Court correctly held there that plaintiffs should not be so allowed to subject to double regulation union conduct they themselves argue constitutes the basis for their federal claims.

Ultimately, the purpose of preemption is to insure that state regulation does not upset the balance between protected, unprotected, and unlawful conduct set forth in the NLRA, making due accommodation for the "narrow category of conduct that so implicates concerns deeply rooted in local feeling and responsibility."[10] Here, there can be little doubt of the federal interest: plaintiffs claim this is a federal matter; and the state regulations plaintiffs seek to impose would not only apply to the exact same conduct at issue in the federal claims, but dramatically change the stakes by, among other things, subjecting the Union to various forms of damages not provided for by the federal laws such as compensatory relief and the specter of

---

[8] *Mason Tenders District Council of Greater New York v. WTC Contracting, Inc.*, 2007 WL 2119897, at *3, 182 L.R.R.M. (BNA) 2932, 2934-35 (S.D.N.Y. 2007) (citing additional cases for this proposition); *see also* Union Br. at 4-6.

[10] *Palm Beach Co. v. Journeymen's & Production Allied Services*, 519 F.Supp. 705, 714 (S.D.N.Y. 1981); *see also id.* at 716 ("the proposed application of state law to prohibit [union's] objective seriously threatens to alter, in precisely the fashion that the preemption doctrine seeks to avoid, the balance struck by Congress in enacting the federal labor laws").

personal liability.[11] In contrast, and plaintiffs' hyperbole aside, the Complaint says next to nothing that sounds in a matter demanding state regulation to protect deep-seated local interest. Plaintiffs' supposed extreme factual allegations (albeit all disputed) consist of one threatening speech-act (an unidentified person supposedly saying he would beat up Chetrit); littering; the alleged entry, at no particular time, of unidentified union agents into the lobby of an office building; use of expletives (not even illegal); and the erection of large balloon which plaintiffs claim (but the police apparently did not) violates parking rules.[12] In light of the essentially federal nature of the dispute, these allegations are wholly insufficient to justify upsetting the federal legal and remedial scheme by permitting the application of state law to this undisputedly federal matter.

For the foregoing reasons, as well as those set forth in the defendant's Initial Memorandum, the state law claims should be dismissed as preempted by federal law.

---

[11] *See* 29 U.S.C. § 185(b) (barring monetary recovery against union members in federal court for actions of union); *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401 (1981) (extending Section 301(b) to suits where members are alleged to have undertaken conduct outside the scope of their authority).

[12] *Cf. Wolf St. Supermarkets, Inc. v. McPartland*, 108 A.D.2d 25, 30, 487 N.Y.S.2d 442, 447 (App. Div. 4th Dep't 1985) (holding state interference with contract claims directed at union picketing and handbilling were preempted by the NLRA, court explains the inapplicability of state law to allegations of even sporadic actual or threatened "violence").

## CONCLUSION

For the above reasons, Counts Three through Eight of the Amended Complaint should be dismissed.

Date:   January 18, 2008

Respectfully submitted,

*/s/ Joseph J. Vitale*

---

Joseph J. Vitale (JV 0415)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 356-0238
jvitale@cwsny.com

Tamir W. Rosenblum (TR 0895)
Mason Tenders District Council
 of Greater New York
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9407

Counsel for Defendants
Laborers' Local No. 79 and Kenneth Brancaccio

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Reply Memorandum of Law in Further Support of Motion to Dismiss to be served by first class mail, postage prepaid upon:

George F. Brenlla, Esq.
Clifton, Budd, & DeMaria, LLP
420 Lexington Avenue, Suite 420
New York, New York 10170

this 18th day of January 2008.

*/s/ Joseph J. Vitale*

---

Joseph J. Vitale