UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
:
THE CHETRIT GROUP and JOSEPH CHETRIT, :
:
                              Plaintiffs, : Case No. 07 CIV 8653 (GBD)
:
        - v. - :
:
LABORERS LOCAL UNION 79, KENNETH :
BRANCACCIO, in his capacity as President of :
Laborers' Local Union 79, and JOHN DOES 1-10, :
:
                              Defendants. :
:
------------------------------------------------------------------- x

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS
THE AMENDED COMPLAINT BY DEFENDANTS JAMES HEGARTY,
GUY SPERLING, STANISLAW HUBKA, JOHN DELGADO, CHARLES
RYNKIEWYCZ, GERARD KRAFT, JUAN CARLOS AND LUIS MONTALVO

        Defendants James Hegarty, Guy Sperling, Stanislaw Hubka, John Delgado, Charles Rynkiewycz, Gerard Kraft, Juan Carlos and Luis Montalvo (the "individual defendants") submit this memorandum in support of their motion to dismiss the Amended Complaint in its entirety.

        As shown below, the first two claims, brought under Section 303, fail to state a claim since such claims can be asserted only against labor organizations, not individuals. The remaining six claims, asserted under state law, are all preempted by federal law.

1. Counts One and Two Fail to State a Claim Since a
   <u>Section 303 Action Cannot Be Asserted Against Individuals</u>

By its terms, Section 303(a) makes it unlawful "for any labor organization" to engage in conduct that violates Section 8 (b) (4).[1] Section 303(b) creates a cause of action in federal court for violations of Section 303(a) but expressly states that such claim is "subject to the limitations of [S]ection 185."[2] Section 185 in turn precludes the recovery of monetary damages from individual union members or officers.[3]

This Court has therefore repeatedly held that a Section 303 claim be asserted only against a labor organization, not individuals. *See R.M. Perlman Inc. v. New York Coat, Suit, Dresses, Rainwear & Allied Workers' Union Local 89-22-1, I.L.G.W.U.*, 789 F.Supp. 127, 133 (S.D.N.Y. 1992), *aff'd*, 33 F.3d 145 (2d Cir. 1994); *Mario & DiBono Plastering Co., Inc. v. Metallic Lathers Union of NY and Vicinity Local 46*, 94 L.R.R.M. (BNA) 3038 (S.D.N.Y. 1976); *Edmund E. Garrison, Inc. v. Int'l Union of Operating Engr'rs, Locals Nos. 137, 137A, 137B*, 283 F.Supp. 771, 773 (S.D.N.Y. 1968) (dismissing Section 303 claim, courts reasons that "if an individual cannot commit a § 303(a) offense, he should not be liable in damages under § 303(b)").[4]

---

[1] *See* 29 U.S.C. § 187(a).

[2] *See* 29 U.S.C. § 187(b).

[3] *See* 29 U.S.C. 185(b). *See also Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 246-47 (1962) (holding that union officers are exempt from damage claims under Section 301, whether or not the union authorized or is liable for the challenged conduct); *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 407 (1981) (same).

[4] *See also Intercity Maint. Co. v. Local 254 Service Employees Int'l Union*, 62 F.Supp.2d 483, 495 (D.R.I. 1999) (noting that "the law on this question could not be more clear," court dismisses Section 303 claim against individuals), *aff'd*, 241 F.3d 82 (1st Cir. 2001); *Bechtel Constr., Inc. v. Constr. & General Laborers Local Union No. 721*, 640 F.Supp. 213, 216 (D. Mass. 1986) (same); *Universal Communications Corp. v. Burns*, 76 L.R.R.M. (BNA) 2020 (S.D. Ala. 1970) (individual union business agent not liable for damages under Section 303), *aff'd per*

Counts One and Two of the Amended Complaint, which seek to assert claims under Section 303 against individual members of Local 79, are thus subject to dismissal.

2.  Counts Three Through Eight Are Preempted By Federal Labor Law

Defendants Local 79 and its President Kenneth Brancaccio have already demonstrated in their prior motion that plaintiffs cannot recharacterize their federal claims under Section 303 as ones under state law since all state law claims are preempted.[5]

Although plaintiffs may object that the individual defendants will "get off 'scot-free'" if Section 303 precludes recovery from individuals *and* preempts state law claims, this Court has already found that protecting individuals from state court claims "is precisely what Congress intended to accomplish."[6]

Counts Three through Eight are thus subject to dismissal.

---

*curiam*, 449 F.2d 691 (5th Cir. 1971); *Meier & Pohlmann Furniture Co. v. Gibbons*, 233 F.2d 296, 306 (8th Cir. 1956).

[5] *See* Memorandum of Law in Support of Motion to Dismiss by Defendants Laborers' Local Union 79 and Kenneth Brancaccio dated December 7, 2007 and Reply Memorandum of Law in Further Support of Motion to Dismiss by Defendants Laborers' Local Union 79 and Kenneth Brancaccio dated January 18, 2008.  Rather than repeat those arguments here, the individual defendants adopt them and incorporate them herein.

[6] *Mario & DiBono Plastering,* 94 L.R.R.M. (BNA) at 3040.  *See also Universal Communications*, 76 L.R.R.M. (BNA) at 2020-21 (dismissing Section 303 claim and dismissing as preempted state law claim against union officer for "malicious mischief"); *Intercity Maintenance*, 62 F.Supp.2d at 500 (same for state law claims against individuals for tortious interference with business relationships and tortious interference with contracts).

3. Plaintiffs Should Be Required to State in a Clear and
Non-Conclusory Manner Their Allegations Regarding Membership Ratification

As plaintiffs have already concede in their opposition to the Union's motion to dismiss, under *Martin v. Curran*[7] and its progeny, their state law claims fail unless plaintiffs allege, and ultimately prove, that each and every member of Local 79 expressly authorized or ratified the action underlying the claim.[8]

Given that Local 79 has approximately 9,000 members, the individual defendants share the Union's skepticism about plaintiffs' ability to support their allegation of authorization.[9] In the unlikely event that the state law claims survive preemption, plaintiffs should be required to amend their complaint to expand upon their vague contention about the union membership's knowledge, authorization, and ratification by providing specific allegations of when and how this massive process of ratification supposedly occurred.[10]

---

[7] *Martin v. Curran*, 303 N.Y. 276, 101 N.E.2d 683 (1951). *See also Duane Reade, Inc. v. Local 338*, 17 A.D.3d 277, 278, 794 N.Y.S.2d 25, 26 (App. Div. 1st Dep't 2005) (explaining that individual members of a union are protected from suits under *Martin v. Curran* when acting as the union's representative); *Atkinson*, 370 U.S. at 249 (explaining that "the union as an entity . . . should in the absence of agreement be the sole source of recovery for injury inflicted by it" (citations omitted)).

[8] Plaintiffs' Memorandum in Opposition to Union Defendants' Motion to Dismiss, dated January 4, 2008, at 3.

[9] *See, e.g., Modeste v. Local 1199, Drug, Hosp. & Health Care Employees Union*, 850 F.Supp. 1156, 1168 (S.D.N.Y. 1994) (recognizing that *Martin v. Curran* "imposes an onerous and almost insurmountable burden on individuals seeking to impose liability on labor unions"), *aff'd*, 38 F.3d 626 (2d Cir. 1994); *Giffords Oil Co. v. Boss*, 54 A.D.2d 555, 556, 387 N.Y.S.2d 51, 52 (App. Div. 2d Dep't 1976) (affirming dismissal since members' authorization of strike was not authorization of torts at issue).

[10] The individual defendants reserve the right, however, to later file a motion that plaintiffs or their counsel made such allegations without any evidentiary support in violation of Rule 11 of the Federal Rules of Civil Procedure.

CONCLUSION

For the foregoing reasons and those set forth in the Union's separate filings, the Amended Complaint should be dismissed.

Date:   March 10, 2008
        New York, New York

                                        Respectfully submitted,

                                         */s/ Joseph J. Vitale*
                                        _____
                                        Joseph J. Vitale (JJV 0415)
                                        COHEN, WEISS and SIMON LLP
                                        330 West 42nd Street
                                        New York, New York 10036
                                        (212) 356-0238

                                        Counsel for Defendants James Hegarty,
                                        Guy Sperling, Stanislaw Hubka, John Delgado,
                                        Charles Rynkiewycz, Gerard Kraft, Juan Carlos
                                        and Luis Montalvo

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing memorandum of law in support to be served by first class mail, postage prepaid upon:

        George Brenlla
        Clifton, Budd, & DeMaria, LLP
        420 Lexington Avenue, Suite 420
        New York, New York 10170

this 10th day of March, 2008.

                                          */s/ Joseph J. Vitale*
                                        _____
                                        Joseph J. Vitale