UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

THE CHETRIT GROUP and                                  :
JOSEPH CHETRIT,                                         :    ECF CASE
                                                       :
                            Plaintiffs,                :    Case No.:  07CIV8653 (GBD)
                                                       :
                 -against-                              :
                                                       :
                                                       :
                                                       :
LABORERS LOCAL UNION 79,                                :
KENNETH BRANCACCIO in his capacity as                  :
President of Laborers Local Union 79,                   :
JAMES HEGARTY, GUY SPERLING, STANISLAV                 :
HUBKA, JOHN DELGADO, KLAUS RYNIEWICZ,                  :
JERRY CRAFT, JUAN CARLOS, LEWIS                         :
MONTALVA, and JOHN DOES 1-10,                           :
                                                       :
                            Defendants.                :
                                                       :
-------------------------------------------------------------------x


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS FILED BY DEFENDANTS JAMES HEGARTY, GUY SPERLING, STANISLAV HUBKA, JOHN DELGADO, KLAUS RYNKIEWZCZ, JERRY CRAFT, JUAN CARLOS AND LEWIS MONTALVA**

CLIFTON BUDD & DeMARIA, LLP
Kevin J. McGill (KM 4554)
George F. Brenlla (GB 9612)
Matthew A. Siebel (MS 8327)
Attorneys for Plaintiffs
420 Lexington Avenue
New York, NY 10170
(212) 687-7410

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

LEGAL ARGUMENT ........................................................................................................ 2

CONCLUSION ................................................................................................................... 4

i

# TABLE OF AUTHORITIES

## Cases

*Lodge 76, Int'l Ass'n of Machinists v. Wisconsin Employment Relations Commission,*
427 U.S. 132 (1976) ...............................................................................................2

*Martin v. Curran,*
303 N.Y. 276, 101 N.E.2d 683 (1951) ........................................................... 2, 3

*Metro. Opera Ass'n v. Local 100,*
2004 U.S.Dist.LEXIS 17093, 175 L.R.R.M. (BNA) 2870 (S.D.N.Y. 2004) ...........................3

*San Diego Building Trades Council v. Garmon,*
359 U.S. 236 (1959) ...............................................................................................2

## Statutes

29 U.S.C. §187 .................................................................................................. 1,2

## PRELIMINARY STATEMENT

This action involves the claims of Plaintiffs The Chetrit Group ("TCG") and Joseph Chetrit ("Chetrit") (collectively the "Plaintiffs") for damages in connection with the illegal campaign of harassment, violence and destruction instituted by defendants Laborers Local Union 79, ("Local 79"), Kenneth Brancaccio in his capacity as president of Laborers' Local 79, ("Brancaccio"), James Hegarty, Guy Sperling, Stanislav Hubka, John Delgado, Klaus Ryniewicz, Jerry Craft, Juan Carlos and Lewis Montalva (the "Individual Defendants").

In the instant motion, the Individual Defendants seek to dismiss Counts 1 & 2 of Plaintiffs' Amended Complaint (the "Complaint"), alleging causes of action under 29 U.S.C. §187. The Individual Defendants also allege that: (1) Counts 3-8 of the Complaint (the "State Law Claims") should be dismissed as preempted by federal labor law and (2) Plaintiffs should be required to amend the Complaint to further represent the knowledge, authorization and ratification by members of Local 79 of the acts complained of in the Complaint.[1]

As a preliminary matter, Plaintiffs do not contest that a cause of action premised upon 29 U.S.C. §187 may not be maintained against individuals. However, Plaintiffs contest that Counts 3-8 of the Complaint are subject to dismissal and that Plaintiffs may be required to amend their complaint in any fashion.

---

[1] In addition to the arguments below, Plaintiffs incorporate by reference arguments contained in their Memorandum of Law filed on January 4, 2008 in opposition to the pending motion to dismiss filed on behalf of Local 79 and Brancaccio.

## LEGAL ARGUMENT

### I.

### THE STATE LAW CLAIMS ARE NOT PREEMPTED BY FEDERAL LABOR LAW

As set forth at length in Plaintiffs' opposition to the pending motion to dismiss the claims against Local 79 and Brancaccio, the State Law claims are not preempted by federal labor law. In particular, Plaintiffs previously demonstrated that the conduct described in the Complaint (including acts of violence and destruction of property), implicates concerns deeply rooted in local feeling and responsibility.  It was also described that that proposed state regulation of the conduct at issue would touch concerns that are merely peripheral to federal labor laws as the Complaint only seeks to regulate the manner in which Defendants are seeking to obtain their labor objectives.  Thus, under either *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959) or *Lodge 76, Int'l Ass'n of Machinists v. Wisconsin Employment Relations Commission*, 427 U.S. 132 (1976), the State Law Claims are not subject to preemption and may proceed against all defendants.[2]

### II.

### THE COMPLAINT SUFFICIENTLY STATES A CAUSE OF ACTION AGAINST THE UNION AS AN UNINCORPORATED ASSOCIATION

It is unclear why the Individual Defendants restate the arguments contained in the pending motion to dismiss filed on behalf of Local 79 and Brancaccio with regards to the membership ratification argument.  In particular, the case of *Martin v. Curran*, 303 N.Y. 276, 282, 101 N.E.2d 683 (1951) ("*Martin*") sets forth the pleading requirements against

---

[2] Moreover, although Defendants point to several non-binding decisions, Plaintiffs are not aware of any binding caselaw that states that individuals can simultaneously claim that they are not covered by 29 U.S.C. §187 and that 29 U.S.C. §187 preempts any state law claims against them.

unincorporated associations, not individuals.  In any event, as set forth in Plaintiffs' opposition to

Defendants' pending motion to dismiss, Plaintiffs have fully met their pleading requirements

under *Martin*.  In particular, Plaintiffs have alleged that all of the various wrongful actions taken

against Plaintiffs were:

> done with the full <u>knowledge, authorization and ratification</u> of the
> individual members of Local 79 and the officers and agents of
> Local 79.

Complaint at ¶20 (emphasis added).  Within the context of the instant motion to dismiss,

this allegation is plainly sufficient.  *See Metro. Opera Ass'n v. Local 100*, 2004 U.S.Dist. LEXIS

17093, 175 L.R.R.M. (BNA) 2870 (S.D.N.Y. 2004) (court rejects argument that employer did

not meet *Martin* requirement where complaint alleged membership participation, authorization

and ratification).

Moreover, should the Court deny Defendants' motion with regards to the *Martin*

argument, Plaintiffs cannot be thereafter:

> required to amend their complaint to expand upon their vague
> contention about the union membership's knowledge,
> authorization, and ratification by providing specific allegations of
> when and how this massive process of ratification supposedly
> occurred.

Individual Defendants Memorandum of Law at Pg. 4.

Defendants do not cite to any caselaw for this proposition and Plaintiffs are not aware of

any decisions compelling a party to amend its complaint after a motion to dismiss is denied.

While the authorization/ratification issue will certainly be explored in discovery, and may

eventually be the subject of a summary judgment motion, Defendants' argument that Plaintiffs

should be compelled to amend their complaint is baseless.

## CONCLUSION

For all of the foregoing reasons, and those previously stated in connection with the pending motion to dismiss filed on behalf of Local 79 and Brancaccio, it is respectfully submitted that Defendants' Motion should be denied in its entirety.[3]

Dated:  April 4, 2008
        New York, New York

                                        CLIFTON BUDD & DeMARIA, LLP

                        By:     *Matthew Sil*

                                        Kevin J. McGill (KM 4554)
                                        George F. Brenlla (GB 9612)
                                        Matthew A. Siebel (MS 8327)
                                        Attorneys for Plaintiffs
                                        420 Lexington Avenue
                                        New York, NY 10170
                                        (212) 687-7410

---

[3] As stated, Plaintiffs do not dispute that Counts 1 and 2 of the Complaint cannot be asserted against the Individual Defendants.