UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                    :
THE CHETRIT GROUP and JOSEPH CHETRIT,               :
                                                    :
                              Plaintiffs,           :          Case No. 07 CIV 8653 (GBD)
                                                    :
        - v. -                                      :
                                                    :
LABORERS LOCAL UNION 79, KENNETH                    :
BRANCACCIO, in his capacity as President of         :
Laborers' Local Union 79, and JOHN DOES 1-10,       :
                                                    :
                              Defendants.           :
                                                    :
---------------------------------------------------------------- x

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION
TO DISMISS THE AMENDED COMPLAINT BY DEFENDANTS JAMES
HEGARTY, GUY SPERLING, STANISLAW HUBKA, JOHN DELGADO,
CHARLES RYNKIEWYCZ, GERARD KRAFT, JUAN CARLOS AND LUIS MONTALVO

        Defendants James Hegarty, Guy Sperling, Stanislaw Hubka, John Delgado,

Charles Rynkiewycz, Gerard Kraft, Juan Carlos and Luis Montalvo (the "individual defendants")

submit this reply memorandum in further support of their motion to dismiss the Amended

Complaint in its entirety.

        Plaintiffs now concede that the first two claims, brought under Section 303, fail to

state a claim since such claims can be asserted only against labor organizations, not individuals.

Plaintiffs mistakenly insist, however, that the remaining six claims, asserted under state law, are

not preempted by federal law.

1.      <u>Counts Three Through Eight Are Preempted By Federal Labor Law</u>

As predicted, plaintiffs resist the notion that the individual defendants "can simultaneously claim they are not covered by" Section 303[1] "and that Section 303 "preempts any state law claims against them."[2] Although plaintiffs concede that the individual defendants cited several cases for precisely that proposition, plaintiffs in a footnote attempt to circumvent those decisions with no explanation other than to label them as "non-binding."[3]

While it is true that two of the cases cited by the individual defendants were from outside the Second Circuit,[4] one decision was from the Southern District of New York.[5] Plaintiffs' argument is thus incorrect.

To the extent plaintiffs contend that this Court need only adhere to Second Circuit or Supreme Court decisions, their argument is still insufficient.  Plaintiffs offer no criticism of the reasoning of any of the cases, and thus no explanation for why this Court should not "voluntarily" reach the same holding.  Moreover, in terms of "binding" authority, plaintiffs ignore the fact that this Court must also consider Congressional intent.  As this Court has already explained, protecting individuals from liability – by precluding recovery from individuals under

---

[1] 29 U.S.C. § 187.

[2] Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, dated April 4, 2008, ("Pls. April Mem.") at 3 n.2.

[3] *Id.*

[4] Defendants' Opening Brief dated March 10, 2008 at 3 n.6 (citing *Intercity Maint. Co. v. Local 254 Service Employees Int'l Union*, 62 F.Supp.2d 483, 500 (D.R.I. 1999) (dismissing Section 303 claim and dismissing as preempted state law claim against individuals for tortious interference with business relationships and tortious interference with contracts), *aff'd*, 241 F.3d 82 (1st Cir. 2001); *Universal Communications Corp. v. Burns*, 76 L.R.R.M. (BNA) 2020, 2020-21 (S.D. Ala. 1970) (dismissing Section 303 claim and dismissing as preempted state law claim against union officer for "malicious mischief"), *aff'd per curiam*, 449 F.2d 691 (5th Cir. 1971)).

[5] *Id.* (citing *Mario & DiBono Plastering Co., Inc. v. Metallic Lathers Union of NY and Vicinity Local 46*, 94 L.R.R.M. (BNA) 3038, 3040 (S.D.N.Y. 1976)).

Section 303 *and* preempting state law claims – "is precisely what Congress intended to accomplish."[6]

Counts Three through Eight are thus subject to dismissal.

2.    Plaintiffs Should Be Required to State in a Clear and
       <u>Non-Conclusory Manner Their Allegations Regarding Membership Ratification</u>

Plaintiffs also resist the individual defendants' request that plaintiffs be required to amend their complaint to expand upon their vague contention about the union membership's knowledge, authorization, and ratification by providing specific allegations of when and how the massive process of ratification supposedly occurred among Local 79's approximately 9,000 members.  Plaintiffs contend that the individual defendants can cite no authority for why this issue cannot simply be "explored in discovery."[7]

The defendants' request is justified under both Rule 12(e) and Rule 11.

<u>CONCLUSION</u>

For the foregoing reasons and those set forth in the defendants' opening brief, as well as those set forth in the Union's separate filings, the Amended Complaint should be dismissed.

---

[6] *Mario & DiBono Plastering*, 94 L.R.R.M. (BNA) at 3040.

[7] Pls. April Mem. at 3.

Date:    April 21, 2008
         New York, New York

                              Respectfully submitted,

                               */s/ Joseph J. Vitale*
                              _____
                              Joseph J. Vitale (JJV 0415)
                              COHEN, WEISS and SIMON LLP
                              330 West 42nd Street
                              New York, New York 10036
                              (212) 356-0238

                              Counsel for Defendants James Hegarty,
                              Guy Sperling, Stanislaw Hubka, John Delgado,
                              Charles Rynkiewycz, Gerard Kraft, Juan Carlos
                              and Luis Montalvo


                    <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that I caused a copy of the foregoing reply memorandum of law in

support to be served by first class mail, postage prepaid upon:

                    George Brenlla
                    Clifton, Budd, & DeMaria, LLP
                    420 Lexington Avenue, Suite 420
                    New York, New York 10170

this 21st day of April 2008.

                               */s/ Joseph J. Vitale*
                    _____
                              Joseph J. Vitale